IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AUDREY M. ADAMS,

        Plaintiff,

v.                                          08-1207-JTM

MICHAEL J. ASTRUE
Commissioner of Social Security
Administration

MEMORANDUM AND ORDER

Presently before this court is plaintiff Audrey M. Adams's petition for review of a final

decision of the Commissioner of Social Security (Dkt. No. 6).  For the following reasons, this

court denies the appeal and affirms the decision of the ALJ.

I.  Background

On April 11, 2005, Adams filed an application for disability insurance benefits (DIB),

which was denied initially and on reconsideration.  After a hearing,  ALJ Robert Burbank found

that Adams was not disabled as defined in the Act.  On May 9, 2008, the Appeals Council of the

Social Security Administration denied Adams's request for review, rendering the ALJ's decision

final.  Adams then timely filed a complaint with this court.

Adams claims that the evidence of the record shows that she suffers from impairments of

such severity and duration as to constitute a disability within the meaning of the Social Security

Act, which would entitle her to Social Security disability benefits.  Specifically, she contends that

the ALJ failed to consider her obesity as required by law, and that the ALJ erred at Step four.

The medical evidence and hearing testimony are fully set forth in the ALJ's decision, which is incorporated herein.  To summarize briefly, Adams claims that she became disabled and unable to work on January 1, 2004, due to depression, anxiety, and problems with her back, hands, and legs.  Nevertheless, ALJ Burbank found that Adams had not been under a disability within the meaning of the law from January 1, 2004 though the decision date of January 24, 2008.  Further, ALJ Burbank noted that Adams had not engaged in substantial gainful activity since January 1, 2004, but that she had the residual functional capacity (RFC) to perform light work as long as she avoided concentrated exposure to environmental irritants.  The ALJ concluded that although Adams does have some severe impairments, she does not have an impairment or combination of impairments that meets one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  Finally, ALJ Burbank found that Adams was capable of performing past relevant work as a courtesy clerk and cashier.

## II.  Legal Standard

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record  and whether the ALJ applied the correct legal standard.  *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion.  *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994); *Gossett v. Bowen*, 862 F.2d 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment

for that of the agency." *White*, 287 F.3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.*, 933 F.2d 799, 800 (10th Cir. 1991)).

An individual is under a disability only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). The impairment must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience. *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

Pursuant to the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); 20 C.F.R. § 404.1520(a) (2003). The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of impairments. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (RFC), which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 416.920(e).

3

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four and five, which require assessing whether the claimant can perform her past relevant work and whether she can generally perform other work in the national economy. *Williams*, 844 F.2d at 751. The claimant bears the burden throughout steps one through four to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). The burden then shifts to the Commissioner at step five to show other jobs in the national economy that are within the claimant's capacity to perform. *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

### III.  Analysis

Adams argues that the ALJ failed to consider her obesity when assessing the RFC limitations. However, while the ALJ should indeed "consider" obesity in making the RFC determination, the law does not require the ALJ to discuss obesity in every case where it is applicable. *See* Social Security Ruling (SSR) 02-1p. In this case, Adams failed to allege obesity in any of the forms completed throughout the application process, and further failed to mention obesity at the hearing, except to testify that she recently lost sixty-five or seventy pounds. Further, the ALJ's RFC finding reflected the practical effects of Adams's obesity because the medical sources who offered opinions were aware of this condition. *See Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004) (rejecting the claimant's argument that the ALJ did not properly consider her obesity in part because a consultative examination that reflected claimant's obesity supported the ALJ's determination). Under these particular circumstances, substantial evidence supports the ALJ's RFC determinations, and his failure to directly discuss Adams's obesity does not undermine his ultimate decision.

Adams also claims that at step four, the ALJ failed to address the physical and mental demands of the positions before concluding that she could return to her past work, in violation of SSR 86-62.  Step four is a three phase sequential analysis, in which the ALJ must specifically: (1) evaluate the claimant's physical and mental RFC; (2) determine the physical and mental demands of the claimant's past relevant work; and (3) determine whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.  *Frantz v. Astrue*, 509 F.3d 1299, 1303 (10th Cir. 2007).  Social Security Ruling 82-62 states that when the ALJ finds that the claimant can return to her past work, his decision must contain "[a] finding of fact as to the physical and mental demands of the past job/occupation," which is accomplished by "obtain[ing] adequate factual information about those work demands which have a bearing on the medically established limitations." *Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir.1996).

The ALJ set forth Adams's RFC, discussed the pertinent demands of her past work, and explained why her RFC would permit her to return to work, thus satisfying SSR 82-62's requirements.  Therefore, after careful review of the record, the court finds that there is substantial evidence to support a finding that Adams can perform past relevant work.

In sum, the ALJ's finding is supported by substantial evidence in the record, and the decision is hereby affirmed.

IT IS ACCORDINGLY ORDERED this 17th day of April, 2009, that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

5